## No. 12,901.

### STATE OF LOUISIANA VS. DENNIS HOPKINS.

The only point presented on appeal related to evidence of a fact that did not afford ground to reverse the verdict.

ON APPEAL from the Seventh Judicial District Court for the Parish of Madison. *Montgomery, J.*

---

*M. J. Cunningham*, Attorney General, and *Wm. S. Holmes* for Plaintiff, Appellee.

---

*Snyder & Spencer* for Defendant, Appellant.

---

Submitted on briefs November 12, 1898.
Opinion handed down November 21, 1898.

The opinion of the court was delivered by

BREAUX. J.   Tee defendant was indicted for murder on the 25th day of January, 1898.

He was arraigned and pleaded not guilty on the 5th day of February following.

In July of 1898 he was tried and a verdict of guilty "without capital punishment" was returned by the jury.

Only one bill of exceptions was taken during the trial, and it sets forth that the court was requested to charge that when a person is engaged in quarreling with another, and some one at a distance informed of the quarrel awaits for the persons |quarreling and voluntarily engages in the quarrel, this third person must be held to have provoked the quarrel, and not one or the other of the persons engaged in the quarrel.

The record also contains the following:

"The prisoner, in open court, requested that he be sent to the 'State penitentiary' for safe keeping, which request was granted by the court, and the sheriff was ordered to convey him 'to the State penitentiary at Baton Rouge.'"

There is a receipt of record showing that the defendant is in the penitentiary.   The accused is not represented by counsel before this court.

We are not informed of the reason which influenced the accused to seek safety in the penitentiary.

In view of the gravity of the case we gave consideration to the ruling of the trial judge as shown by the bill of exceptions before mentioned, and we do not dismiss the appeal.

### ON THE MERITS.

The refusal of the District Judge to instruct the injury as requested was proper in our view.   The insrruction was not possible without assuming that the facts set forth in the requested charge had been proven on trial.   It was a matter of fact, which did not involve any principle of law.

The case of defendant was not prejudiced by the refusal.

The bill of exceptions recites that the court instructed the jury that they were the exclusive judges of the evidence, and if they found from the evidence that the accused provoked the difficulty and "slew the deceased he would not be entitled to use the plea of

self-defence " to obtain an acquittal, but as to whether he " did provoke the difficulty " or not, the " jury must determine from the evidence."

This charge correctly, as we take it, presented the law of the case. The sufficiency of the proof of facts stated was a question for the jury to determine.

An expression of opinion by the court as to what had been proven would have been an instruction regarding the facts of the case.

The issues before us do not justify us in setting aside the verdict and sentence.

The judgment is affirmed.